UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER J. BOORAS,
    Plaintiff

v.

DELTA INTERNATIONAL
MACHINERY CORP.,
    Defendant

**05 - 1 1 6 5 7 WGY**

CIVIL ACTION NO. RECEIPT #_____

AMOUNT $_____
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Now comes the Defendant, Delta International Machinery Corp. ("Delta"), and

respectfully states in support of this Notice of Removal as follows:    MAGISTRATE JUDGE RBC

1)    This action was commenced and is now pending in the Commonwealth of

Massachusetts Superior Court Department of the Trial Court, Barnstable

County, under the caption *Christopher J. Booras v. Delta International*

*Machinery Corp.*, Civil Action No. 05-409.

2)    Defendant Delta received service of process of a Summons and Complaint

on or about July 27, 2005. True and correct copies of the Summons and

Complaint served upon Defendant Delta are attached to this Notice as

Exhibit A.

3)    No other proceedings have transpired in this matter, and it is timely

removed pursuant to 28 U.S. C. § 1446(b).

4)    This Court has original jurisdiction over this matter pursuant to its

diversity jurisdiction under 28 U.S.C. § 1332, for the following reasons:

1) The allegations in the Complaint indicate that it involves serious injuries and that the amount in controversy in this dispute, including special damages and pain and suffering, exceeds $75,000.00, which is the jurisdictional requirement of 28 U.S.C. § 1332(a).

2) Upon information and belief and as shown in Plaintiffs' Complaint, Plaintiff is a resident of Massachusetts.

3) Defendant Delta is a corporation incorporated under the laws of the State of Minnesota and having its principal place of business in the State of Tennessee.

5.    Due to the fact that the Plaintiff is a Massachusetts resident and that Defendant Delta is incorporated in Minnesota, there is complete diversity among the parties. This case may thus be removed to this Court pursuant to 28 U.S.C. § 1441(a) based upon this Court's original jurisdiction over diversity of citizenship claims. 28 U.S.C. § 1332.

6.    A true and correct copy of this Notice will be filed with the Clerk of the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Barnstable County, as provided by law.

7.    Written notice of the filing of this Notice will be given to the Plaintiff in this action as required by law.

WHEREFORE, Defendant Delta International Machinery Corp. gives notice that this action now pending against it in the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Barnstable County, be removed to this Court.

2

Dated August 11, 2005, and signed pursuant to Rule 11 of the Federal Rules of

Civil Procedure.

> Defendant, Delta International Machinery Corp.
> By its attorneys,
>
> Michael S. Appel (BBO #543898)
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street
> Boston, MA 02114
> Tel. No. (617) 227-3030

## CERTIFICATE OF SERVICE

I, Michael S. Appel, hereby certify that on August 11, 2005 I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

> Matthew J. Dupuy, Esquire
> Ardito, Sweeney & Associates
> 25 Mid Tech Drive
> West Yarmouth, MA 02673

Michael S. Appel

366326

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 05-409

## CHRISTOPHER J. BOORAS

### VS.

### DELTA INTERNATIONAL MACHINERY CORP.

## SUMMONS

To the above-named defendant  :  DELTA INTERNATIONAL MACHINERY CORP.

You are hereby summoned and required to serve upon _____ MATTHEW J. DUPUY, ESQ. _____

............................................................................................................... plaintiff's attorney, whose address is

..25. Mid-Tech. Drive,. West. Yarmouth,.MA..02673............................................, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,**  BARBARA J. ROUSE  **Esquire,** at Barnstable, the ............. 27th ..............................
day of .... July .........................................., in the year of our Lord two thousand and ..... five ...........

A true copy Attest
7/28/05  Deputy Sheriff Suffolk County          Scott W. Nickerson  Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................................, 20............., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

Dated:                , 20   .        ....................................................................................................

## N. B. TO PROCESS SERVER:

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

## COMMONWEALTH OF MASSACHUSETTS

**Barnstable, ss.**
**Superior Court**
**Docket No.** 05-409

### CHRISTOPHER J. BOORAS

v.

### DELTA INTERNATIONAL MACHINERY CORP.

## COMPLAINT

1.    Plaintiff, Christopher J. Booras, is an individual and is now, and at all times mentioned in this Complaint was, a resident of 27 Cesars Way, Osterville, Barnstable County, Commonwealth of Massachusetts.

2.    Defendant, Delta International Machinery Corp. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Minnesota with a principal office located at 246 Alpha Drive, Pittsburg, PA 15238.

3.    Defendant, Delta International Machinery Corp. is now, and at all times mentioned in this complaint was, in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of electric tools including power saws.

### COUNT I
### NEGLIGENCE

4.    The Plaintiff incorporates all the allegations contained in paragraphs 1 through 3 of his Complaint as if fully set forth herein.

5.    On December 6, 2003, the Plaintiff, Christopher J. Booras, attempted to use he saw at which time it malfunctioned causing the injuries and damages described below.

6.    At all times mentioned in this complaint, defendant, Delta International Machinery Corp. so negligently and carelessly designed, manufactured, constructed, assembled, inspected, and sold the saw that it was dangerous and unsafe for its intended use.

7.    As a direct and proximate result of the negligence and carelessness of defendant as described above plaintiff sustained serious injuries was caused to suffer severe and disabling personal injuries and was caused to suffer and will continue to suffer great pain of body and mind; was caused to suffer and will continue to suffer severe emotional distress, was caused to incur hospital and medical expenses and other expenses; was prevented from transacting his usual business, was caused to lose time from his employment, was caused to have his earnings

diminished, and has had his ability to enjoy a normal, active, and healthy life adversely affected.

WHEREFORE, the Plaintiff, Christopher J. Booras, demands judgment against the Defendant, Delta International Machinery Corp. in an amount that can be proved at trial, together with attorneys' fees, interest and the cost of this action.

## COUNT II
## STRICT LIABILITY

8.    The Plaintiff incorporates all allegations contained in paragraphs 1 through 7 of his Complaint as if fully set forth herein.

9.    At all times mentioned in this complaint, the saw and its component parts were defective as to design, manufacture and warnings, causing the saw and its component parts to be in a dangerous and defective condition that made it unsafe for its intended use.

10.    As a direct and proximate result of the defective and dangerous condition of the saw described above, plaintiff sustained serious injuries, was caused to suffer severe and disabling personal injuries and was caused to suffer and will continue to suffer great pain of body and mind; was caused to suffer and will continue to suffer severe emotional distress, was caused to incur hospital and medical expenses and other expenses; was prevented from transacting his usual business, was caused to lose time from his employment, was caused to have his earnings diminished, and has had his ability to enjoy a normal, active, and healthy life adversely affected.

WHEREFORE, , the Plaintiff, Christopher J. Booras, demands judgment against the Defendant, Delta International Machinery Corp. in an amount that can be proved at trial, together with attorneys' fees, interest and the cost of this action.

## COUNT III
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

11.    The Plaintiff incorporates all allegations contained in paragraphs 1 through 10 of his Complaint as if fully set forth herein.

12.    At all times mentioned in this complaint, the labeling and packaging of the saw and its component parts were defective and inadequate as to language used for instruction, warnings, and modification, causing the saw and its component parts to be in a dangerous and defective condition that made it unsafe for its intended use.

13.    As a direct and proximate result of the defective and inadequate labeling and packaging of the saw and its component parts described above, plaintiff sustained serious injuries, was caused to suffer severe and disabling personal injuries and was caused to suffer and will continue to suffer great pain of the body and mind; was caused to suffer and will

continue to suffer severe emotional distress, was caused to incur hospital and medical expenses and other expenses; was prevented from transacting his usual business, was caused to lose time from his employment, was caused to have his earnings diminished; and has had his ability to enjoy a normal, active, and healthy life adversely affected.

WHEREFORE, the Plaintiff, Christopher J. Booras, demands judgment against the Defendant, Delta International Machinery Corp. in an amount that can be proved at trial, together with attorneys' fees, interest and the cost of this action.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff
By His Attorney,

Matthew J. Dupuy
Ardito, Sweeney & Associates
25 Mid Tech Drive
West Yarmouth, MA 02673
(508) 775-3433

Date: July 27, 2005

# CIVIL ACTION
## COVER SHEET

**Superior Court Department**
County:_____

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| CHRISTOPHER J. BOORAS | DELTA INTERNATIONAL MACHINERY CORP. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If known) |
|---|---|
| Matthew J. Dupuy, Esq.<br>25 Mid-Tech Drive, W. Yarmouth, MA 02673<br>Board of Bar Overseers number: | |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?

B05   product liability   (A )   (X ) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................................$...........
2. Total Doctor expenses .................................................................$...........
3. Total chiropractic expenses .........................................................$...........
4. Total physical therapy expenses ...................................................$...........
5. Total other expenses (describe) ....................................................$...........
   Subtotal $...........
B. Documented lost wages and compensation to date ..........................................$...........
C. Documented property damages to date ......................................................$...........
D. Reasonably anticipated future medical and hospital expenses ...............................$...........
E. Reasonably anticipated lost wages ........................................................$...........
F. Other documented items of damages (describe)

   $...........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Plaintiff sustained severe injuries while using a defective
   saw manufactured by the defendant.

   $...........
   TOTAL $.100,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: _7/27/05_

Matthew J. Dupuy

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Christopher J. Booras v. Delta International Machinery Corp.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☐ | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ☒ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

05 - 11657 WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☒    NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☒    Central Division ☐    Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Michael S. Appel

ADDRESS Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac St., Boston, MA 02114

TELEPHONE NO. (617) 227-3030

(Coversheetlocal.wpd - 10/17/02)

℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Christopher J. Booras | Delta International Machinery Corp. |

**(b)** County of Residence of First Listed Plaintiff   Barnstable, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

# 05 - 1 1 6 5 7 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❑ 1  U.S. Government
Plaintiff

❑ 3  Federal Question
(U.S. Government Not a Party)

❑ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business in Another State | ❑ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | | | ❑ 900Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | | | ❑ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❑ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

❑ 1 Original
Proceeding

☒ 2 Removed from
State Court

❑ 3 Remanded from
Appellate Court

❑ 4 Reinstated or
Reopened

❑ 5 Transferred from
another district
(specify)

❑ 6 Multidistrict
Litigation

❑ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332; 28 U.S.C. §1446

Brief description of cause:
Plaintiff alleges power saw was defectively designed

## VII. REQUESTED IN
## COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❑ No

## VIII. RELATED CASE(S)
## IF ANY

(See instructions):
JUDGE _____          DOCKET NUMBER _____

DATE
X  8/11/05

SIGNATURE OF ATTORNEY OF RECORD
X _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____