Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2005-00409
### Booras v Delta International Machinery Corp

*05-11657*
*WGY*

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 07/29/2005 | **Status** | Disposed: transferred to other court (dtrans) | | |
| **Status Date** | 08/22/2005 | **Session** | A - Civil A- Barnstable Superior Court | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/27/2005 | **Answer** | 12/26/2005 | **Rule12/19/20** | 12/26/2005 |
| **Rule 15** | 10/22/2006 | **Discovery** | 09/17/2007 | **Rule 56** | 11/16/2007 |
| **Final PTC** | 03/15/2008 | **Disposition** | 07/28/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Christopher J Booras
Active 07/29/2005

**Private Counsel 139000**
Matthew J Dupuy
Ardito Sweeney Stusse Robertson & Dupuy
25 Mid Tech Drive
Suite C
West Yarmouth, MA 02673
Phone: 508-775-3433
Fax: 508-790-4778
Active 07/29/2005 Notify

**Defendant**
Delta International Machinery Corp
Served: 07/29/2005
Served (answr pending) 07/29/2005

**Private Counsel 543898**
Michael S Appel
Sugarman Rogers Barshak & Cohen
101 Merrimac Street
Boston, MA 02114
Phone: 617-227-3030
Fax: 617-523-4001
Active 08/22/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/29/2005 | | Filing fee paid in the amount of $275.00 including $15.00 surcharge and $20.00 security fee. |
| 07/29/2005 | 1.0 | COMPLAINT with jury demand & civil action cover sheet filed |
| 07/29/2005 | | Origin 1, Type B05, Track A. |
| 08/05/2005 | 2.0 | SERVICE RETURNED: Delta International Machinery Corp(Defendant) made in hand to G. Brown, Process Clerk, agent on 7/28/05 |
| 08/15/2005 | 3.0 | NOTICE: by Deft of removal to US District Court for Massachusetts |
| 08/22/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A true copy, Attest: *[signature]*
Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER J. BOORAS,
    Plaintiff

v.

DELTA INTERNATIONAL
MACHINERY CORP.,
    Defendant

CIVIL ACTION NO. 05-11657WGY

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now comes the Defendant, Delta International Machinery Corp. ("Delta"), and respectfully states in support of this Notice of Removal as follows:

1) This action was commenced and is now pending in the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Barnstable County, under the caption *Christopher J. Booras v. Delta International Machinery Corp.*, Civil Action No. 05-409.

2) Defendant Delta received service of process of a Summons and Complaint on or about July 27, 2005. True and correct copies of the Summons and Complaint served upon Defendant Delta are attached to this Notice as Exhibit A.

3) No other proceedings have transpired in this matter, and it is timely removed pursuant to 28 U.S.C. § 1446(b).

4) This Court has original jurisdiction over this matter pursuant to its diversity jurisdiction under 28 U.S.C. § 1332, for the following reasons:

    1) The allegations in the Complaint indicate that it involves serious injuries and that the amount in controversy in this dispute, including special damages and pain and suffering, exceeds $75,000.00, which is the jurisdictional requirement of 28 U.S.C. § 1332(a).

    2) Upon information and belief and as shown in Plaintiffs' Complaint, Plaintiff is a resident of Massachusetts.

    3) Defendant Delta is a corporation incorporated under the laws of the State of Minnesota and having its principal place of business in the State of Tennessee.

5. Due to the fact that the Plaintiff is a Massachusetts resident and that Defendant Delta is incorporated in Minnesota, there is complete diversity among the parties. This case may thus be removed to this Court pursuant to 28 U.S.C. § 1441(a) based upon this Court's original jurisdiction over diversity of citizenship claims. 28 U.S.C. § 1332.

6. A true and correct copy of this Notice will be filed with the Clerk of the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Barnstable County, as provided by law.

7. Written notice of the filing of this Notice will be given to the Plaintiff in this action as required by law.

WHEREFORE, Defendant Delta International Machinery Corp. gives notice that this action now pending against it in the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Barnstable County, be removed to this Court.

Dated August 11, 2005, and signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

                    Defendant, Delta International Machinery Corp.
                    By its attorneys,

                    _____
                    Michael S. Appel (BBO #543898)
                    Sugarman, Rogers, Barshak & Cohen, P.C.
                    101 Merrimac Street
                    Boston, MA 02114
                    Tel. No. (617) 227-3030

### CERTIFICATE OF SERVICE

I, Michael S. Appel, hereby certify that on August 11, 2005 I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

Matthew J. Dupuy, Esquire
Ardito, Sweeney & Associates
25 Mid Tech Drive
West Yarmouth, MA 02673

                    _____
                    Michael S. Appel

366326

3

COMMONWEALTH OF MASSACHUSETTS

Barnstable, ss.
Superior Court
Docket No. 05-409

**CHRISTOPHER J. BOORAS**

v.

**DELTA INTERNATIONAL MACHINERY CORP.**

## COMPLAINT

1. Plaintiff, Christopher J. Booras, is an individual and is now, and at all times mentioned in this Complaint was, a resident of 27 Cesars Way, Osterville, Barnstable County, Commonwealth of Massachusetts.

2. Defendant, Delta International Machinery Corp. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Minnesota with a principal office located at 246 Alpha Drive, Pittsburg, PA 15238.

3. Defendant, Delta International Machinery Corp. is now, and at all times mentioned in this complaint was, in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of electric tools including power saws.

COUNT I
NEGLIGENCE

4. The Plaintiff incorporates all the allegations contained in paragraphs 1 through 3 of his Complaint as if fully set forth herein.

5. On December 6, 2003, the Plaintiff, Christopher J. Booras, attempted to use he saw at which time it malfunctioned causing the injuries and damages described below.

6. At all times mentioned in this complaint, defendant, Delta International Machinery Corp. so negligently and carelessly designed, manufactured, constructed, assembled, inspected, and sold the saw that it was dangerous and unsafe for its intended use.

7. As a direct and proximate result of the negligence and carelessness of defendant as described above plaintiff sustained serious injuries was caused to suffer severe and disabling personal injuries and was caused to suffer and will continue to suffer great pain of body and mind; was caused to suffer and will continue to suffer severe emotional distress, was caused to incur hospital and medical expenses and other expenses; was prevented from transacting his usual business, was caused to lose time from his employment, was caused to have his earnings

diminished, and has had his ability to enjoy a normal, active, and healthy life adversely affected.

   WHEREFORE, the Plaintiff, Christopher J. Booras, demands judgment against the Defendant, Delta International Machinery Corp. in an amount that can be proved at trial, together with attorneys' fees, interest and the cost of this action.

COUNT II
STRICT LIABILITY

8.   The Plaintiff incorporates all allegations contained in paragraphs 1 through 7 of his Complaint as if fully set forth herein.

9.   At all times mentioned in this complaint, the saw and its component parts were defective as to design, manufacture and warnings, causing the saw and its component parts to be in a dangerous and defective condition that made it unsafe for its intended use.

10.   As a direct and proximate result of the defective and dangerous condition of the saw described above, plaintiff sustained serious injuries, was caused to suffer severe and disabling personal injuries and was caused to suffer and will continue to suffer great pain of body and mind; was caused to suffer and will continue to suffer severe emotional distress, was caused to incur hospital and medical expenses and other expenses; was prevented from transacting his usual business, was caused to lose time from his employment, was caused to have his earnings diminished, and has had his ability to enjoy a normal, active, and healthy life adversely affected.

   WHEREFORE, , the Plaintiff, Christopher J. Booras, demands judgment against the Defendant, Delta International Machinery Corp. in an amount that can be proved at trial, together with attorneys' fees, interest and the cost of this action.

COUNT III
BREACH OF EXPRESS AND IMPLIED WARRANTIES

11.   The Plaintiff incorporates all allegations contained in paragraphs 1 through 10 of his Complaint as if fully set forth herein.

12.   At all times mentioned in this complaint, the labeling and packaging of the saw and its component parts were defective and inadequate as to language used for instruction, warnings, and modification, causing the saw and its component parts to be in a dangerous and defective condition that made it unsafe for its intended use.

13.   As a direct and proximate result of the defective and inadequate labeling and packaging of the saw and its component parts described above, plaintiff sustained serious injuries, was caused to suffer severe and disabling personal injuries and was caused to suffer and will continue to suffer great pain of the body and mind; was caused to suffer and will

continue to suffer severe emotional distress, was caused to incur hospital and medical expenses and other expenses; was prevented from transacting his usual business, was caused to lose time from his employment, was caused to have his earnings diminished; and has had his ability to enjoy a normal, active, and healthy life adversely affected.

WHEREFORE, the Plaintiff, Christopher J. Booras, demands judgment against the Defendant, Delta International Machinery Corp. in an amount that can be proved at trial, together with attorneys' fees, interest and the cost of this action.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff
By His Attorney,

_____
Matthew J. Dupuy
Ardito, Sweeney & Associates
25 Mid Tech Drive
West Yarmouth, MA 02673
(508) 775-3433

139000

Date: July 27, 2005

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT   TORT
                            MOTOR VEHICLE TORT      EQUITABLE RELIEF          OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                   SUPERIOR COURT
                                                                  No. 05-409

CHRISTOPHER J. BOORAS

> SUPERIOR COURT
> BARNSTABLE SS
> FILED   AUG 0 5 2005
> [signature] Clerk

VS.

DELTA INTERNATIONAL MACHINERY CORP.

## SUMMONS

To the above-named defendant : DELTA INTERNATIONAL MACHINERY CORP.

You are hereby summoned and required to serve upon ........ MATTHEW J. DUPUY, ESQ. ........

........................ plaintiff's attorney, whose address is

.. 25 Mid-Tech Drive, West Yarmouth, MA 02673 .............., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,**   BARBARA J. ROUSE   Esquire, at Barnstable, the ........ 27th ........
day of ... July ......................, in the year of our Lord two thousand and ... five ....

[signature]  Clerk

NOTE: When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**
You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

| CIVIL ACTION COVER SHEET | Superior Court Department County: _____ |
|---|---|
| PLAINTIFF(S) CHRISTOPHER J. BOORAS | DEFENDANT(S) DELTA INTERNATIONAL MACHINERY CORP. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Matthew J. Dupuy, Esq.<br>25 Mid-Tech Drive, W. Yarmouth, MA 02673<br>Board of Bar Overseers number: | ATTORNEY (If known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | product liability | (A) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $
  2. Total Doctor expenses ............................................. $
  3. Total chiropractic expenses ....................................... $
  4. Total physical therapy expenses .................................. $
  5. Total other expenses (describe) .................................. $
      Subtotal $ ..............
B. Documented lost wages and compensation to date ............... $ ..............
C. Documented property damages to date ........................... $ ..............
D. Reasonably anticipated future medical and hospital expenses .... $ ..............
E. Reasonably anticipated lost wages ................................ $ ..............
F. Other documented items of damages (describe)
      $ ..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

    Plaintiff sustained severe injuries while using a defective saw manufactured by the defendant.
      $ ..............
    TOTAL $ .100,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____Matthew J. Dupuy_____ DATE: 7/27/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:    CONTRACT    TORT
                                                    MOTOR VEHICLE TORT        EQUITABLE RELIEF            OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                              SUPERIOR COURT
                                                                             No. 05-409

CHRISTOPHER J. BOORAS

VS.

DELTA INTERNATIONAL MACHINERY CORP.

## SUMMONS

To the above-named defendant : DELTA INTERNATIONAL MACHINERY CORP.

You are hereby summoned and required to serve upon ........ MATTHEW J. DUPUY, ESQ. ........

................................................................................ plaintiff's attorney, whose address is

....25 Mid-Tech Drive, West Yarmouth, MA 02673................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,       BARBARA J. ROUSE       Esquire, at Barnstable, the ........27th........

day of ......July........................, in the year of our Lord two thousand and ........five........

A true copy Attest:
7/28/05
Deputy Sheriff Suffolk County                                               Scott W. Nickerson    Clerk

NOTE: When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**

You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

ACR1772

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................., 20..........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

................................................................................................................................................................

................................................................................................................................................................

................................................................................................................................................................

Dated:              , 20  .    ................................................................................................................

**N. B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

# Commonwealth of Massachusetts
## County of Barnstable
## The Superior Court

CIVIL DOCKET# **BACV2005-00409-A**

RE: **Booras v Delta International Machinery Corp**

TO: Matthew J Dupuy, Esquire
Ardito Sweeney Stusse Robertson & Dupuy
25 Mid Tech Drive
Suite C
West Yarmouth, MA 02673

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/27/2005 |
| Response to the complaint filed (also see MRCP 12) | 12/26/2005 |
| All motions under MRCP 12, 19, and 20 filed | 12/26/2005 |
| All motions under MRCP 15 filed | 10/22/2006 |
| All discovery requests and depositions completed | 09/17/2007 |
| All motions under MRCP 56 served and heard | 11/16/2007 |
| Final pre-trial conference held and firm trial date set | 03/15/2008 |
| Case disposed | 07/28/2008 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **A** sitting **in Second Session courtroom, Barnstable Superior Court.**

Dated: 07/29/2005

Scott W. Nickerson
Clerk of the Courts
BY: John S. Dale
Assistant Clerk

Location: Second Session courtroom
Telephone: (508) 375-6684

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca_2.wpd 450079 inidoc01 kellmary

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                                SUPERIOR COURT
                                                                               No.   05-409

       I, **Scott W. Nickerson, Clerk-Magistrate** of the Superior Court of within and for said County of Barnstable, having, by law, the custody of the seal and all the records, books, documents and papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true copies of the papers appertaining to said Court, and on file and of record in the Office of said Court, relating to the case of **CHRISTOPHER J. BOORAS vs. DELTA INTERNATIONAL MACHINERY CORP., Case No. BACV2005-00409** entered in the Superior Court on **July 29, 2005.**



**IN WITNESS WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court at said Barnstable this twenty-second day of August, in the year of our Lord, 2005.

_____
Clerk-Magistrate